■ ASBJORN HOYDAL et al., Respondents, v CITY OF NEW YORK, Appellant.—In an action to recover a down payment paid upon a contract to purchase a parcel of real property, the defendant appeals from an order of the Supreme Court, Richmond County (Leone, J.), entered March 31, 1988, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by granting the defendant's motion to the extent of striking the portion of the complaint which sought punitive damages and otherwise denying the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiffs were purchasers of an unimproved parcel of

land located in Richmond County. The property was purchased from the City of New York at a public auction on July 17, 1985. The purchase price was $340,000, with a down payment of $68,000 being made. The plaintiffs allege that the property is unmarketable, and commenced the instant action, *inter alia,* to recover the down payment. The defendant thereafter moved for summary judgment dismissing the complaint, and the Supreme Court, finding issues of fact, denied the motion.

The essence of the plaintiffs' claim sounds in contract, not in tort. It is well established that a "breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). Furthermore, a cause of action will be found to sound in tort rather than in contract only when the legal relations binding the parties are created by the utterance of a falsehood, with fraudulent intent and reliance thereon, and the cause of action is entirely independent of contractual relations between the parties *(see, Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403). At bar, the complaint was based solely upon the provisions of the contract of sale for the purchase of real property. Since this cause of action does not allege a breach of duty extraneous to, or distinct from, the contract between the parties, the plaintiffs' theory of recovery is necessarily limited to a suit to recover damages for breach of contract *(see, Wegman v Dairylea Coop.,* 50 AD2d 108). Therefore, no notice of claim was required to be served upon the defendant under General Municipal Law § 50-e.

Upon a review of the record, we find that the plaintiffs have sufficiently raised issues of fact pertaining to the sale of the parcel in question *(see, Zuckerman v City of New York,* 49 NY2d 557). Contrary to the defendant's contentions, it cannot be determined from the record whether the parcel is indeed unmarketable, or whether diligent efforts by the plaintiffs would have disclosed the alleged title impediment. Because issues of fact still remain, the defendant did not make out a prima facie showing of entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320).

Finally, as conceded by the plaintiffs on appeal, punitive damages are not recoverable against a municipality *(see, Sharapata v Town of Islip,* 56 NY2d 332). Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.