27 NUNZIO MAZZILLI, Respondent, v CITY OF NEW YORK et al., Appellants.—In an action to recover damages, *inter alia,* for assault and battery, the defendants appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 7, 1988, which denied their motion to dismiss the plaintiff's amended complaint and denied their separate motion to strike a supplemental bill of particulars.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motion to dismiss which were to strike the first, second, fourth, fifth, sixth, eighth and ninth causes of action which were not included in the plaintiff's judicially approved late

356

notice of claim, and denied the motion to strike a supplemental bill of particulars, and substituting therefor provisions granting those branches of the motion to dismiss and the motion to strike a supplemental bill of particulars; as so modified, the order is affirmed, with costs to the defendants.

The plaintiff sustained injuries when he was allegedly assaulted by New York City police officers on January 13, 1982. In 1985, this court affirmed an order of the Supreme Court, Kings County, which allowed the plaintiff to serve a late notice of claim to recover damages for assault and battery (see, Matter of Mazzilli v City of New York, 115 AD2d 604). However, the plaintiff served an amended late notice of claim seeking to interpose causes of action alleging, inter alia, false arrest, false imprisonment, malicious prosecution, violation of New York State constitutional rights and negligence, in addition to his cause of action alleging assault and battery.

The plaintiff also amended his bill of particulars seeking damages suffered as the result of his jump in 1987 from a window. He claims he heard the footsteps of a group of people in the stairway of his apartment building. Thinking the police were after him, he jumped out the window.

The defendants moved, inter alia, to dismiss the plaintiff's causes of action which were based on theories of liability not mentioned in the first notice of claim. They also moved to strike the supplemental bill of particulars. The Supreme Court denied their motions, holding (1) the psychological and physical injuries suffered in the 1987 jump were causally related to the plaintiff's 1982 encounter with the police, and (2) the notice of claim, which was amended nunc pro tunc, was proper. We disagree.

As we noted in our 1985 decision, medical records indicated that the plaintiff suffered from schizophrenia from August to November 1982. "However, no proof has been tendered showing that petitioner was suffering from a mental infirmity" commencing on the day of the alleged encounter in January 1982 (Matter of Mazzilli v City of New York, 115 AD2d 604, 605, supra). Moreover, there is no proof that the plaintiff was suffering from mental illness when he jumped from a window in 1987 or that the jump was causally related to his 1982 encounter with police.

In order to amend a bill of particulars with respect to continuing damages, the continuing damages must be an anticipated sequelae of the original injuries suffered and described in the original bill of particulars (Tate v Colabello, 58 NY2d 84, 86-87; see, CPLR 3043 [b]). The supplemental bill

of particulars must "not set forth a new legal theory of liability or new injuries, but merely expands upon the continuing disabilities alleged in the original bill" *(Cardone v University Hosp.,* 78 AD2d 645).

The plaintiff's jump from the window resulted in new injuries which are not a natural sequelae from the January 1982 incident. The Supreme Court should have granted the defendant's motion to strike.

Causes of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed. By adding causes of action to recover damages for false arrest, false imprisonment, malicious prosecution, violation of New York State constitutional rights, and negligence, the plaintiff substantively changed the nature of his claim. "The addition of such causes of action which were not referred to, either directly or indirectly in the original notice of claim, would substantially alter the nature of the plaintiffs' claims" *(DeMorcy v City of New York,* 137 AD2d 650, 651; *see, Rice v New York City Hous. Auth.,* 149 AD2d 495; *Mojica v New York City Tr. Auth.,* 117 AD2d 722, 723). The plaintiff's argument that these causes of action can be inferred from his cause of action alleging assault and battery is without merit. The fact that these alleged causes of action arose out of the same incident is not pivotal; rather, the nature of the claim and the theory of liability are determinative *(see, Murphy v County of Nassau,* 84 AD2d 577). We therefore grant those branches of the defendants' motion which were to dismiss the first, second, fourth, fifth, sixth, eighth and ninth causes of action of the amended complaint which were not specified in the original notice of claim. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.