(January 24, 1994)

■ AMERICANA PETROLEUM CORP., Appellant-Respondent, v NORTHVILLE INDUSTRIES CORP., Respondent-Appellant. [606 NYS2d 906] —In an action to recover damages for breach of contract, price gouging, fraud, and unjust enrichment arising from an oral agreement to sell gasoline, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered July 22, 1991, as granted that branch of the defendant's motion which was to dismiss the first cause of action asserted in the amended complaint, and the defendant cross-appeals from so much of the same order as denied those branches of its motion which were to dismiss the second, third and fourth causes of action asserted in the amended complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendant's motion which were to dismiss the second and third causes of action and substituting therefor provisions granting those branches of the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff is an independent wholesaler, distributor and

retailer of gasoline, who purchased gasoline from the defendant to be resold at retail stations, from 1984 until approximately October 1990. In 1986 the parties allegedly entered into an oral agreement. The agreement allegedly provided that if the plaintiff arranged, at its own cost, for five of its franchise retail gasoline stations to change their names to the defendant's brand name, then, "so long as [the plaintiff] permitted any of the five stations to sell gasoline under [the defendant's] brand name, and [the defendant] stayed in business, [the defendant] would: (a) sell all gasoline required by [the plaintiff] for all of its stations * * * at a price annually averaging approximately one and one-half cents per gallon above 'Platt's Barge High' ". The Platt's Barge High is a pricing formula which is standard in the industry.

When the plaintiff decided that the defendant had improperly increased its prices, the plaintiff commenced this action in 1991. The defendant moved to dismiss the complaint on the ground, *inter alia,* that the oral agreement fell under the Statute of Frauds.

One significant question, in determining whether an agreement must be in writing pursuant to the Statute of Frauds, is whether the contract can, conceivably, be performed within one year, rather than whether there is a probability of performance, or whether the contract was susceptible of termination within the year *(see,* General Obligations Law § 5-701 [a] [1]; *see also, D & N Boening v Kirsch Beverages,* 63 NY2d 449; *LoPinto v J. W. Mays, Inc.,* 170 AD2d 582). Where there is absolutely no possibility in fact and law of full performance by both parties within one year, the Statute of Frauds bars enforcement of an oral contract *(see, Meyers v Waverly Fabrics,* 65 NY2d 75; *see also, D & N Boening v Kirsch Beverages, supra).* While the plaintiff could unilaterally terminate the agreement within one year, the defendant was required to supply gasoline indefinitely, unless the plaintiff terminated the contract or the defendant went out of business. From the defendant's point of view, such possibility of performance within one year is illusory, and the Statute of Frauds is designed to protect the defendant from just such an oral agreement *(see, Huebener v Kenyon & Eckhardt,* 142 AD2d 185).

Additionally, in order to state a cause of action sounding in fraud, the plaintiff must allege a breach of duty which is collateral or extraneous to the contract between the parties *(see, Mastropieri v Solmar Constr. Co.,* 159 AD2d 698; *see also, Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320).

Contrary to the determination of the Supreme Court, we find that the plaintiff's allegations of fraud do not state a cause of action, since the claims made are entirely dependent upon the existence of the contractual relations between the parties *(see, Hoydal v City of New York,* 154 AD2d 345). Further, in determining whether the necessary "extraneous" facts have been alleged, we have examined the plaintiff's allegations of damages and find that the plaintiff seeks nothing more than to enforce the defendant's allegedly breached obligations and promises to sell gasoline at a certain price for an indefinite period *(see, Damon & Co. v Softkey Software Prods.,* 811 F Supp 986).

Finally, by allowing the plaintiff to maintain its cause of action pursuant to General Business Law § 396-r for price gouging, the Supreme Court read the statute too broadly. That statute expressly provides that only the Attorney-General may bring actions on behalf of consumers of whom merchants have taken advantage during abnormal disruptions of the market created by such crises as war. Generally, to determine whether a private right of action exists where one is not expressly provided in the statute, the courts apply a three-part test with the following essential factors: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted, (2) whether recognition of a private right of action would promote the legislative purpose, and (3) whether creation of such a right would be consistent with the legislative scheme *(see, Sheehy v Big Flats Community Day,* 73 NY2d 629; *see also, Burns Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, *affd* 59 NY2d 314).

Here, under the clear language of the statute, in times of shortage of essential consumer goods, the group who purchases and benefits from those goods is the group to be protected. Moreover, in the few cases in which the New York courts have analyzed the price-gouging statute, the Attorney-General has uniformly brought the action on behalf of the aggrieved party *(see, People v Two Wheel Corp.,* 128 AD2d 507, *affd* 71 NY2d 693; *see also, Matter of State of New York v Strong Oil Co.,* 87 AD2d 374). Thus, we decline to expand the statute's reach to include a private right of action for wholesale and retail merchants of gasoline, because such an expansion would not be consistent with the legislative scheme and would not promote the legislative purpose.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.