■ ALAMO CONTRACT BUILDERS, INCORPORATED, Respondent, v CTF HOTEL COMPANY, Doing Business as STOUFFER RENAISSANCE WESTCHESTER HOTEL, Appellant. [663 NYS2d 42] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered April 9, 1996, as denied those branches of its motion which were to dismiss the third, fourth, and fifth causes of action asserted in the amended complaint.

Ordered that the order is reversed insofar as appealed from, with costs, those branches of the defendant's motion which were to dismiss the plaintiff's third, fourth, and fifth causes of action asserted in the amended complaint are granted, and those causes of action are dismissed.

The third cause of action to recover damages in quantum meruit should have been dismissed. Where, as here, there is no dispute as to the existence of a contract and the contract covers the dispute between the parties, a plaintiff may not proceed upon a theory of quantum meruit as well as seek to recover damages for breach of contract (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382; *Harder v Reedy,* 217 AD2d 833).

The plaintiff also failed to state a cause of action to recover damages for fraud (the fourth cause of action), since it failed to allege that the defendant made a material representation concerning an intention to perform a duty which is collateral or extraneous to the contract between the parties (*see, Sforza v Health Ins. Plan,* 210 AD2d 214; *Americana Petroleum Corp. v Northville Indus. Corp.,* 200 AD2d 646, 647; *Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425). While the additional work for which the plaintiff seeks payment was outside the scope of the written contract, the alleged fraudulent represen-

tations which allegedly induced the plaintiff to perform the additional work were directly related to a specific provision of the contract. It is well settled that a cause of action to recover damages for fraud may not be maintained when the only fraud charged relates to a breach of contract (*see, Gordon v De Laurentiis Corp.*, 141 AD2d 435; *see also, Americana Petroleum Corp. v Northville Indus. Corp., supra*).

Similarly, the fifth cause of action, to recover damages for negligent misrepresentation, should have been dismissed. The tort of negligent misrepresentation cannot be independently asserted within the context of a breach of contract action unless a special relationship exists between the parties, and the alleged misrepresentation concerns a matter which is extraneous to the contract itself (*see, Kimmell v Schaefer*, 89 NY2d 257; *Clark-Fitzpatrick, Inc. v Long Is. R. R., supra; RKB Enters. v Ernst & Young*, 182 AD2d 971; *Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917; *see also, Murphy v Kuhn*, 90 NY2d 266; Spencer, *Insurance Agent Eludes Tort Liability*, NYLJ, June 30, 1997, at 1, col 3). Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.