ROBERT W. MAHEU, SR., Plaintiff, v LONG ISLAND RAILROAD, Defendant and Third-Party Plaintiff. DeSANTO CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents; ROYAL INSURANCE COMPANY OF AMERICA, Third-Party Defendant-Appellant. [664 NYS2d 115] —In an action, inter alia, to recover damages for breach of an insurance contract, the second third-party defendant, Royal Insurance Company of America, appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated April 1, 1996, as denied those branches of its motion which were to dismiss those causes of action in the second third-party complaint which were to recover damages for breach of contract and fraud insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the motion which was to dismiss those causes of action in the second third-party complaint to the extent that they were to recover damages for breach of contract insofar as asserted against the second third-party defendant-appellant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant.

An employee of DeSanto Construction Corp. (hereinafter DeSanto), was injured while working on an elevator at the Long Island Railroad Station in Lynbrook, N. Y., and commenced an

action against the Long Island Railroad (hereinafter the LIRR). In a third-party action, the LIRR sued DeSanto to recover damages for breach of a contract in which DeSanto had agreed to procure comprehensive general liability insurance to cover the LIRR. By order dated June 30, 1995, the Supreme Court, Nassau County (Collins, J.), granted partial summary judgment to the LIRR on its cause of action for indemnification, finding that "Royal Insurance Company [the insurer] was justified in disclaiming coverage for LIRR, since LIRR was neither an insured nor an additional insured under the policy". DeSanto filed a notice of appeal from the June 30th order, but failed to perfect the appeal, which was dismissed by this Court on October 23, 1996. The Supreme Court then granted DeSanto's motion for leave to renew or reargue, but adhered to the June 30th order, and DeSanto failed to appeal from that order. Thereafter, DeSanto commenced the second third-party action against Royal Insurance Company of America (hereinafter Royal) and the second third-party defendant Fish-Miller Associates, Inc., the broker or agent through which DeSanto procured the insurance policy with Royal.

In the second third-party action DeSanto alleged, *inter alia*, that Royal breached "its agreement to insure, indemnify and defend the LIRR pursuant to the aforementioned insurance policies", and asserted that Royal "should therefore be required and directed to assume its responsibilities under the aforementioned policies by defending and indemnifying LIRR against the claims of the plaintiff". DeSanto is collaterally estopped from asserting that Royal is required under the insurance policy to extend coverage to the LIRR. The Supreme Court previously decided, in its June 30, 1995, order, that no such coverage exists under the policy, and that Royal was justified in disclaiming coverage to the LIRR. DeSanto had a full and fair opportunity to litigate that very issue in the prior summary judgment motion, and may not now relitigate it (*see, Gilberg v Barbieri,* 53 NY2d 285, 291). No other breach of contract claim is cognizable because "[t]he terms of the written policy of insurance embody the entire agreement between the parties and the insured is bound by those terms" (*Simon v Colonial States Brokerage Corp.,* 128 AD2d 603).

The remaining contentions of the second third-party defendant-appellant are without merit. Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.