■ SHI-HYONG MOON, Appellant, v SOUTHSIDE HOSPITAL et al., Respondents. [669 NYS2d 876] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated January 29, 1997, as (1) granted that branch of the cross motion of the defendants Southside Hospital, Theodore A. Jospe, Matthew Zagami, and Alan G. Meek which was for summary judgment dismissing the causes of action sounding in breach of contract, fraud, and tortious interference with contractual rights insofar as asserted against them, and (2) granted that branch of the separate cross motion of the defendant Maureen "Jane" Zagami which was to dismiss the cause of action sounding in tortious interference with contractual rights insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff's contract to provide radiation services for the defendant Southside Hospital (hereinafter Southside) was duly terminated by Southside pursuant to a provision in the contract allowing for termination—without cause—on 60 days notice by either party. Moreover, the plaintiff has not alleged facts sufficient to sustain a cause of action against any of the defendants based upon fraud or tortious interference with his contractual relationship with Southside (*see, Alamo Contract Bldrs.*, 242 AD2d 643; *Colucci v O'Brien*, 204 AD2d 257; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191; *Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-University Hosp.*, 197 AD2d 563).

Accordingly, the Supreme Court correctly dismissed the complaint as against all of the defendants. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.