■ J.D.'s TIRE AND BATTERY CENTER, INC., Doing Business as JAN's MED-A-CAR SERVICE, et al., Respondents, v AUTOMOBILE CLUB OF NEW YORK, INC., Appellant, et al., Defendants. [679 NYS2d 685] —In an action, *inter alia*, to recover damages for breach of contract, the defendant Automobile Club of New York, Inc., appeals from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 29, 1997, as denied those branches of its motion which were to dismiss the first, second, third, fourth, fifth, and tenth causes of action in the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the appellant's motion which were to dismiss the first, second, third, fourth, fifth, and tenth causes of action in the complaint are granted, and those causes of action are dismissed insofar as asserted against the appellant.

The agreement between the parties was duly terminated by the appellant pursuant to a provision therein allowing for termination upon 30 days notice by either party (*see, Shi-Young Moon v Southside Hosp.*, 248 AD2d 523; *Center Green v Boehm,*

247 AD2d 869; *Big Apple Car v City of New York,* 204 AD2d 109). In addition, the Supreme Court erred in applying the exception to the parol evidence rule for the partial performance of an oral modification (*see, Anostario v Vicinanzo,* 59 NY2d 662; *Burns v McCormick,* 233 NY 230, 232; *Cooper v Schube,* 86 AD2d 62, *affd* 57 NY2d 1016).

Moreover, the plaintiffs have not alleged facts sufficient to sustain a cause of action based upon fraud (*see, Shi-Young Moon v Southside Hosp., supra*; *Hoydal v City of New York,* 154 AD2d 345, 346). Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.