■ ORIX CREDIT ALLIANCE, INC., Plaintiff, v R.E. HABLE COMPANY et al., Defendants. R.E. HABLE COMPANY et al., Counterclaim Plaintiffs-Respondents, v ORIX CREDIT ALLIANCE, INC., Counterclaim Defendant-Appellant. [682 NYS2d 160] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 6, 1998, denying counterclaim defendant's motion to dismiss the second cause of action (alleging fraud) in the amended answer and counterclaims, unanimously reversed, on the law, with costs, the motion granted, and the second counterclaim cause of action dismissed.

Plaintiff and counterclaim defendant Orix Credit Alliance, Inc. (Orix) is a large commercial lender that made multimillion-dollar loans to numerous corporate borrowers, including defendants and counterclaim plaintiffs (defendants), from the late 1980s onward. Orix brought the underlying action against the defendant borrowers, their attorney Ron Norwood, and former Orix employee Servideo DeRama (among others), seeking to enjoin them from commencing litigation against Orix outside New York State. The plaintiff alleged that DeRama, who was fired in 1994, stole accounting documents from Orix and gave them to Norwood in an effort to persuade

defendants to sue Orix in various States, contrary to a provision in the loan agreements requiring all litigation to be brought in New York State.

In response, defendants asserted several counterclaims on behalf of themselves and an alleged class of similarly situated Orix borrowers. The first counterclaim for breach of contract alleged that when Orix entered into loan agreements with defendants, it represented that all interest, fees, and other charges would be calculated according to the terms of the contracts, but, in fact, Orix deceptively overcharged defendants. The second counterclaim for fraud alleged that at the time that Orix and defendants negotiated the contracts, Orix misrepresented the payments that would be due and expected defendants to rely on its false statements, while knowing from the outset that it intended to overcharge defendants.

Orix successfully moved to dismiss several of the counterclaims, but its motion was denied as to the second counterclaim for fraud. We find that the motion court erred in not dismissing this counterclaim, which was essentially duplicative of a claim for breach of contract, and also failed to plead fraud with particularity.

A fraud claim that only restates a breach of contract claim may not be maintained (*Alamo Contract Bldrs. v CTF Hotel*, 242 AD2d 643, 644). In *Morgan Knitting Mills v Reeves Bros.* (243 AD2d 422, 423), we dismissed a fraud claim as duplicative because it was based on the same facts as the contract claim and no damages were alleged that would not be recoverable in an action for breach of contract. Thus, a viable claim of fraud concerning a contract must allege misrepresentations of present facts (rather than merely of future intent) that were collateral to the contract and which induced the allegedly defrauded party to enter into the contract (*Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956). Allegations that a party entered into a contract without intent to perform do not state a cause of action for fraud (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318).

Here, the only misrepresentation identified by defendants was Orix's alleged present intention, at the time of contracting, to charge more than it promised in the contract. As in *Morgan Knitting Mills (supra)* the damages defendants seek are nothing more than contract damages, namely the difference between what they actually owed and what they paid. Moreover, far from being collateral to the contract, the purported misrepresentation was "directly related to a specific provision of the contract" (*Alamo Contract Bldrs. v CTF Hotel, supra*, at 644).

Indeed, it is hard to see what could be more central to a loan agreement than the calculation of the amounts due thereunder.

Furthermore, defendants' fraud claim lacks the requisite particularity (*Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 210 [noting requirement in CPLR 3016 (b) that circumstances constituting the fraud must be stated in detail]). They have offered nothing but general second-hand or third-hand rumors of Orix's misconduct, based on conversations that Ron Norwood allegedly had with DeRama (who now denies speaking with him) and with a former Orix Vice President. Defendants admit they are unable to determine the amount of the overcharges or to document the manner in which Orix cheated them. Their excuse is that these facts are within Orix's knowledge and that discovery is needed. However, defendants should not be allowed to use pre-trial discovery as a fishing expedition when they cannot set forth a reliable factual basis for their suspicions.

In light of the foregoing, we need not reach the parties' other contentions. Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.