■ KEE JUNG KIM, Appellant-Respondent, v KENNY LEW, Respondent-Appellant. [713 NYS2d 289] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered June 8, 1999, which, after a nonjury trial, is in his favor and against the defendant in the principal sum of $24,266.66, and failed to impose a sanction on the defendant for failing to comply with discovery demands, and the defendant (1) appeals from so much of an order of the same court, entered June 7, 1999, as denied his motion, *inter alia,* to set aside the verdict pursuant to CPLR 4404, and (2) cross-appeals from the judgment.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the judgment as failed to impose sanctions on the defendant is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see,* CPLR 5501 [a] [1]).

During the trial, the court stated that it would hold a hearing to determine whether to impose a monetary sanction on the defendant for failing to comply with pretrial discovery demands. The court did not hold the hearing and the judgment does not impose a sanction. Accordingly, the court's failure to hold a hearing or impose a sanction is not reviewable since the plaintiff's application is pending and undecided (*see, Katz v Katz,* 68 AD2d 536, 542-543).

According due deference to the trial court's determination of credibility, we decline to disturb its findings as unsupported by the record or against the weight of the evidence (*see, Nicastro v Park,* 113 AD2d 129).

The parties' remaining contentions are without merit. Ritter, J. P., Santucci, Florio and H. Miller, JJ., concur.