■ ROBERT W. MAHEU, SR., Plaintiff, v LONG ISLAND RAIL ROAD, Defendant and Third-Party Plaintiff. DESANTO CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant; ROYAL INSURANCE COMPANY OF AMERICA, Third-Party Defendant-Respondent; FISH-MILLER ASSOCIATES, INC., Third-Party Defendant-Appellant-Respondent. [713 NYS2d 354] —In an action, inter alia, to recover damages for breach of an insurance contract, the second third-party defendant Fish-Miller Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated February 24, 1999, as (1) denied its cross motion for summary judgment dismissing the second third-party complaint of DeSanto Construction Corp., insofar as asserted against it, and (2) upon searching the record, dismissed all of its cross claims against the second third-party defendant Royal Insurance Company of America, and the third-party defendant and second third-party plaintiff, DeSanto Construction Corp., cross-appeals from the same order.

Ordered that the cross appeal by the third-party defendant and second third-party plaintiff, DeSanto Construction Corp., is dismissed, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the second third-party defendant-respondent is awarded one bill of costs payable by the second third-party defendant-appellant.

The plaintiff, an employee of DeSanto Construction Corp. (hereinafter DeSanto), was injured while working on an elevator at a Long Island Rail Road (hereinafter LIRR) station. The plaintiff brought this action against the LIRR, which in turn commenced a third-party action against DeSanto to recover damages. DeSanto then commenced a second third-party action against its insurance carrier, Royal Insurance Company (hereinafter Royal) and its insurance agent, Fish-Miller Associates, Inc. (hereinafter Fish-Miller), alleging, inter alia, that Royal breached its agreement to insure, indemnify, and defend the LIRR pursuant to various insurance policies, and asserted that Royal should therefore be required to provide insurance coverage for the accident (see, Maheu v Long Is. R. R., 244 AD2d 465, 466). Royal moved, inter alia, to dismiss the causes

of action to recover damages for breach of contract and fraud insofar as they were asserted against it. The Supreme Court denied those branches of the motion. This Court, in a previous decision and order, modified the order of the Supreme Court, and dismissed the breach of contract claims, finding that Royal was justified in disclaiming coverage, based upon the Supreme Court's previous determination in the first third-party action that no coverage existed (*see, Maheu v Long Is. R. R., supra*).

Subsequently, Royal moved for summary judgment dismissing the remaining causes of action in DeSanto's second third-party complaint. Among those claims, as pertinent to the parties' arguments on this appeal, was a claim alleging fraud on the part of Royal. Fish-Miller cross-moved for summary judgment dismissing DeSanto's second third-party complaint insofar as asserted against it. The Supreme Court dismissed the fraud claim against Royal, along with all of the other causes of action in the second-third party complaint insofar as asserted against Royal. Fish-Miller appeals from so much of the order as denied its cross motion for summary judgment dismissing the second third-party complaint of DeSanto insofar as asserted against it, and upon searching the record, dismissed Fish-Miller's cross claims against Royal.

We affirm the order insofar as appealed from. Contrary to Fish-Miller's contentions, DeSanto, as well as Fish-Miller, failed to present factual support for the proposition that Fish-Miller justifiably relied on any alleged promises by Royal that the LIRR had been added to any policy as an additional insured. Moreover, "a cause of action will be found to sound in tort rather than in contract only when the legal relations binding the parties are created by the utterance of a falsehood, with fraudulent intent and reliance thereon, and the cause of action is entirely independent of contractual relations between the parties" (*Hoydal v City of New York,* 154 AD2d 345, 346; *see, Americana Petroleum Corp. v Northville Indus. Corp.,* 200 AD2d 646). Here, the gravamen of the fraud claim against Royal is that it caused DeSanto to rely on alleged promises that the LIRR had been named as an additional insured. This claim obviously stems from the parties' contractual relationship, and summary judgment was properly granted to Royal dismissing the claim and Fish-Miller's cross claims insofar as asserted against it (*see, Hoydal v City of New York, supra; Americana Petroleum Corp. v Northville Indus. Corp., supra*).

Fish-Miller's remaining contentions do not require reversal. Santucci, J. P., Friedmann, McGinity and Smith, JJ., concur.