■ Naevus International, Inc., et al., on Behalf of Themselves and All Others Similarly Situated, Respondents-Appellants, v AT&T Corp. et al., Appellants-Respondents, et al., Defendants. Julie Pope et al., on Behalf of Themselves and All Others Similarly Situated, Respondents-Appellants, v AT&T Corp. et al., Appellants-Respondents, et al., Defendants. Sharon Zerden et al., on Behalf of Themselves and All Others Similarly Situated, Respondents-Appellants, v AT&T Corp. et al., Appellants-Respondents, et al., Defendants. Daryl Ceccato et al., on Behalf of Themselves and All Others Similarly Situated, Respondents-Appellants, v AT&T Corp. et al., Appellants-Respondents. [724 NYS2d 721] —Order, Supreme Court, New York County (Barry Cozier, J.), entered July 20, 2000, which in the *Naevus* action, to the extent appealed and cross-appealed from, granted defendants' motion to dismiss the complaint insofar as to dismiss plaintiffs' causes for breach of contract and common-law fraud, but denied the motion with respect to plaintiffs' causes for violation of General Business Law §§ 349 and 350, unanimously modified, on the law, to deny the motion with respect to plaintiffs' cause for breach of contract insofar as to reinstate that cause to the extent that it is premised upon the alleged failure to credit plaintiffs for

repeat calls necessitated by involuntary disconnections, as had been contractually agreed upon, and otherwise affirmed, without costs.

Order, same court and Justice, entered August 16, 2000, which in the *Pope* action and the *Zerden* action, to the extent appealed and cross-appealed from, granted defendants' motion to dismiss the complaint insofar as to dismiss plaintiffs' causes of action for breach of contract, unjust enrichment, and breach of warranty, but denied the motion with respect to plaintiffs' causes for violation of General Business Law § 349 (a) as against the corporate defendants, unanimously modified, on the law, to deny the motion with respect to plaintiffs' causes for breach of contract, unjust enrichment and breach of warranty, insofar as to reinstate such causes to the extent that they are premised upon the alleged failure to credit plaintiffs for repeat calls necessitated by involuntary disconnections, as had been contractually agreed upon, and otherwise affirmed, without costs.

Order, same court and Justice, entered October 5, 2000, which in the *Ceccato* action, to the extent appealed and cross-appealed from, granted defendants' motion to dismiss the complaint insofar as to dismiss plaintiffs' cause for breach of contract, but denied the motion with respect to plaintiffs' cause for violation of General Business Law §§ 349, 350 and 350-a, unanimously modified, on the law, to deny the motion with respect to plaintiffs' cause for breach of contract insofar as to reinstate that cause to the extent that it is premised on the alleged failure to credit plaintiffs for repeat calls necessitated by involuntary disconnections, as had been contractually agreed upon, and otherwise affirmed, without costs.

These four actions are brought on behalf of a proposed class of subscribers to AT&T Corp.'s "Digital One Rate" wireless communications plan, under which customers were to be charged a fixed monthly rate for a certain number of minutes of airtime, without any long-distance or roaming charges. Plaintiffs allege that subscribers often experienced difficulties with service, such as the inability to make or receive calls or the involuntary disconnection of calls, due to the inadequacy of the communications network in handling the demand, which contradicted AT&T's advertising and marketing representations that service would be reliable and function like a "land line."

Plaintiffs' claims for breach of contract, breach of warranty and unjust enrichment, insofar as they challenge the quality of the service are, in actuality, attacks upon the rates charged for

the service, or upon AT&T's entry into the wireless communications market, and are therefore preempted under section 332 of the Federal Communications Act of 1934, as amended, which provides in relevant part that "no State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services" (47 USC § 332 [c] [3] [A]). Unlike the challenges in *Tenore v AT&T Wireless Servs.* (136 Wash 2d 322, 962 P2d 104, *cert denied* 525 US 1171), where the subscribers claimed that the provider failed to disclose its practice of rounding up airtime to the next highest minute in its billing, and in the example provided by the Federal Communications Commission in *Matter of Wireless Consumers Alliance* (15 FCCR 17,021 at ¶ 26 n 84) of a carrier charging $.30 per minute, instead of the promised $.20 per minute, plaintiffs in the instant cases allege only a generalized dissatisfaction with the services as "unreliable," and thus, the substance of their claim is that the rates charged were unreasonable or that AT&T did not create a sufficient infrastructure before entering the market, notwithstanding plaintiffs' label of the claim as one for failure to disclose the reliability of the service.

However, to the extent the breach of contract, breach of warranty and unjust enrichment claims are based on AT&T's alleged failure to credit subscribers properly for making repeat telephone calls necessitated by involuntary disconnections, as was allegedly promised and contracted for, those claims are not preempted, since their review will not require an inquiry into the reasonableness of the rates charged or AT&T's entry into the market (*see, Matter of Wireless Consumers Alliance*, 15 FCCR, *supra*). Similarly, the claims for common-law fraud and violations of General Business Law §§ 349, 350 and 350-a, for making false statements and concealing material information, are precisely the types of State law claims that are not preempted (*see, id.* at ¶ 27).

Nevertheless, the cause of action for common-law fraud was properly dismissed for failure to state a cause of action, since it merely restates the breach of contract claim (*see, Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 115).

The allegations that defendant The Wireless Store, Inc., a retailer that enrolled customers in the Digital One Rate plan, had superior knowledge and displayed AT&T's advertising and promotional literature, which it knew to be false yet failed to warn subscribers, who relied on that literature, are sufficient

to support causes of action under General Business Law §§ 349 and 350. Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.