■ JAMES LEE et al., Respondents, v GREGORY P. MATARRESE et al., Appellants. [793 NYS2d 457]—

In an action to recover damages for breach of contract and fraud, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Solomon, J.), dated May 2, 2004, as denied that branch of their motion which was to dismiss the second cause of action to recover damages for fraud.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss the second cause of action to recover damages for fraud is granted.

Although the defendants did not move to dismiss the plaintiffs' fraud claim upon the ground that it failed to state a cause of action, under the circumstances of this case, it should have been dismissed on that ground (*see Gold v New York State Bus. Group Inc.*, 255 AD2d 628 [1998]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:37; *see also 34-35th Corp. v 1-10 Indus. Assoc.*, 2 AD3d 711 [2003]). A cause of action to recover damages for fraud may not be maintained when the only fraud alleged relates to a breach of contract (*see 34-35th Corp. v 1-10 Indus. Assoc., supra; Alamo Contr. Bldrs. v CTF Hotel Co.*, 242 AD2d 643 [1997]; *Weitz v Smith*, 231 AD2d 518 [1996]). "[A] cause of action will be found to sound in tort rather than in contract only when the legal relations binding the parties are created by the utterance of a falsehood, with fraudulent intent and reliance thereon, and the cause of action is entirely independent of contractual relations between the parties" (*Hoydal v City of New York*, 154 AD2d 345, 346 [1989]; *see Maheu v Long Is. R.R.*, 275 AD2d 695 [2000]). Here, the plaintiffs did not allege that the defendants made a material representation concerning an intention to perform a duty which was collateral or extraneous to the parties' real estate contract (*see Alamo Contr. Bldrs. v CTF Hotel Co., supra; Americana Petroleum Corp. v Northville Indus. Corp.*, 200 AD2d 646, 647 [1994]), and the damages they sought to recover are the same damages recoverable for breach of contract (*see Americana Petroleum Corp. v Northville Indus. Corp., supra*). Accordingly, the plaintiffs' fraud claim failed to state a cause of action, and should have been dismissed.

To the extent that the defendants seek relief regarding that branch of their motion which was for an award of costs and an attorney's fee pursuant to 22 NYCRR 130-1.1, we note that the

Supreme Court did not decide that branch of their motion. Thus, that branch of the motion remains pending and undecided (*see 112 Duane Assoc. v Malkani*, 296 AD2d 388 [2002]; *Kee Jung Kim v Lew*, 275 AD2d 694 [2000]; *Katz v Katz*, 68 AD2d 536, 543 [1979]). Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.