JOSEPH FINKE, Appellant, v CITY OF GLEN COVE, Respondent. [866 NYS2d 317]—

In an action to recover damages for the loss of personal property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated June 29, 2007, which granted that branch of the defendant's motion which was to dismiss the first, second, third, and fourth causes of action on the ground that he failed to serve a proper notice of claim and granted that branch of the defendant's motion which was to dismiss the fifth cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The defendant's motion to dismiss the complaint was properly granted. However, we affirm the order for reasons other than those stated by the Supreme Court.

On November 1, 2005 the plaintiff Joseph Finke served a notice of claim upon the City of Glen Cove, New York, pursuant to General Municipal Law § 50-e, alleging that the City consented to a tenancy at will permitting him to store his equipment on its property, and that, pursuant to Real Property Law § 228, the City was thus obligated to give him 30 days notice of termination before removing the equipment. By the filing of a summons and complaint dated September 11, 2006, the plaintiff commenced this action against the City, alleging that it violated Real Property Law § 228, as well as alleging additional causes of action sounding in breach of implied contract, breach of license, negligence, and conversion.

"A notice of claim is a condition precedent to bringing a tort claim against a municipality" (*O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *see* General Municipal Law § 50-e [1] [a]). This Court has held that "[c]auses of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed" (*Mazzilli v City of New York*, 154 AD2d 355, 357 [1989]) because "[t]he addition of such causes of action which were not referred to, either directly or indirectly in the original notice of claim, would substantially alter the nature of the plaintiffs' claims" (*Demorcy v City of New York*, 137 AD2d 650, 650-651 [1988]).

Since the service of a notice of claim is a condition precedent to the interposition of negligence and conversion claims against a municipality, the Supreme Court properly determined that those causes of action would "substantively alter" the plaintiff's original claim and were not within the purview of General Municipal Law § 50-e (6), which permits the court, in its discretion, to correct, supply, or disregard a mistake, omission, irregularity, or defect in a notice of claim.

The plaintiff's breach of implied contract and breach of license causes of action, however, are not subject to the notice of claim requirement (*see* General Municipal Law § 50-e; *see generally Hoydal v City of New York*, 154 AD2d 345, 346 [1989]). Nonetheless, since the cause of action alleging a breach of implied contract fails to allege an essential element of that cause of action, namely, consideration, that branch of the City's motion which was to dismiss that cause of action for failure to state a cause of action should have been granted (*see* CPLR 3211 [a] [7]; *see generally Maas v Cornell Univ.*, 94 NY2d 87, 93-94

[1999]). Additionally, the plaintiff's breach of license cause of action is properly dismissible on the basis that the plaintiff acknowledged that he did not sign the proposed license agreement provided by the City (*see* CPLR 3211 [a] [1]).

The plaintiff failed to state a valid cause of action pursuant to Real Property Law § 228 since he failed to prove that a tenancy at will existed; thus, this cause of action was properly dismissed (*see* CPLR 3211 [a] [7]).

The plaintiff's equitable estoppel argument is without merit since there is no evidence of misconduct on behalf of the City (*see Matter of Branca v Board of Educ., Sachem Cent. School Dist. at Holbrook,* 239 AD2d 494, 496 [1997]).

The plaintiff's remaining contention was not raised before the Supreme Court and, therefore, is not properly before this Court on appeal (*see Pierre v Lieber,* 37 AD3d 572 [2007]). Further, that contention does not present an argument of law which appears on the face of the record and could not have been avoided had it been raised at the proper juncture (*see Wechsler v Gasparrini,* 40 AD3d 976, 977 [2007]).

Accordingly, the Supreme Court properly granted the City's motion to dismiss the complaint in its entirety. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.