■ NURIGE KRAJA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [871 NYS2d 226]—

On February 12, 2006 a bus owned and operated by the defendant allegedly collided with a vehicle owned by the plaintiff Mustafa Kraja and operated by the plaintiff Nurige Kraja. On or about February 21, 2006 a notice of claim on behalf of plaintiff Mustafa Kraja to recover damages for injury to property was served on the defendant. On March 29, 2007 the plaintiffs commenced this action against the defendant, seeking only to recover damages for personal injuries allegedly sustained by the plaintiff Nurige Kraja. In August 2007 the defendant moved to dismiss the complaint for failure to serve a notice of claim as required by General Municipal Law § 50-e, and the plaintiffs cross-moved in October 2007 pursuant to General Municipal Law § 50-e (6) for leave to amend the notice of claim to assert a claim to recover damages for Nurige Kraja's alleged injuries. The plaintiffs never sought leave to amend the complaint to add a cause of action to recover damages for injury to property.

The Supreme Court granted the defendant's motion to dismiss the complaint and denied the plaintiffs' cross motion for leave to amend their notice of claim. We affirm.

Contrary to the plaintiffs' contention, their notice of claim failed to provide any notice to the defendant that a claim would be asserted to recover damages for Nurige Kraja's alleged injuries, nor did the plaintiffs prove that the defendant obtained notice of the personal injury claim through other means. Therefore, the amendment sought by the plaintiffs would substantively alter the nature of the claim by improperly adding a completely new claim on behalf of a different person, and thus it was beyond the purview of General Municipal Law § 50-e (6) (*see Finke v City of Glen Cove*, 55 AD3d 785 [2008]; *Scott v City of New York*, 40 AD3d 408, 409-410 [2007]; *Olivera v City of New York*, 270 AD2d 5 [2000]; *Steinberg v Village of Garden*

*City*, 247 AD2d 463, 464 [1998]; *Mazzilli v City of New York*, 154 AD2d 355, 357 [1989]). Accordingly, since the interposition of the personal injury cause of action was not preceded by service of the requisite notice of claim, the Supreme Court properly granted the defendant's motion to dismiss the complaint. Mastro, J.P., Miller, Angiolillo and Carni, JJ., concur.