■ REFRESHMENT MANAGEMENT SERVICES, CORP., Appellant, v COMPLETE OFFICE SUPPLY WAREHOUSE CORP., Doing Business as INTERNATIONAL COFFEE SYSTEMS, INC., et al., Respondents. [933 NYS2d 312]—

The plaintiff, Refreshment Management Services, Corp. (hereinafter Refreshment), and the defendant Complete Office Supply Warehouse Corp., doing business as International Coffee Systems (hereinafter Complete), were both engaged in the business of providing office coffee services and similar products. The two companies entered into a contract in 2007, in which Refreshment agreed to sell all of its assets to Complete. The complaint alleged that Complete, and its president, the defendant Mark Cordovi, breached certain provisions of that contract, and it asserted causes of action, inter alia, to recover damages for breach of the covenant of good faith and fair dealing, fraudulent inducement, unjust enrichment, breach of fiduciary duty, constructive fraud, and negligent misrepresentation, and also sought to impose a constructive trust.

The defendants moved, among other things, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against Cordovi and to dismiss all causes of action except those alleging breach of contract and unjust enrichment insofar as asserted against Complete. The Supreme Court granted those branches of the defendants' motion, and Refreshment appeals. We affirm the order insofar as appealed from.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging fraudulent inducement. Generally, a cause of action alleging breach of contract may not be converted to one for fraud merely with an allegation that the contracting party did not intend to meet its contractual obligations (*see Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]). Indeed, "[g]eneral allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support [a] claim" of fraudulent inducement (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *see Marlowe v Ferrari of Long Is., Inc.*, 61 AD3d 645, 646 [2009]; *cf. Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d at 898). Here, the complaint failed to allege any material misrepresentation that was not part of the defendants' contract with the plaintiff (*see Lee v Matarrese*, 17 AD3d 539, 540 [2005]).

The Supreme Court also properly granted dismissal of the causes of action alleging breach of fiduciary duty, constructive fraud, negligent misrepresentation, and the cause of action seeking to impose a constructive trust. These causes of action are predicated on the existence of a fiduciary relationship between the parties, and the complaint here failed to plead facts demonstrating the existence of such a relationship (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180 [2011]; *Guarino v North Country Mtge. Banking Corp.*, 79 AD3d 805, 807 [2010]; *Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]; *WIT Holding Corp. v Klein*, 282 AD2d 527, 529 [2001]; *Hudson Riv. Club v Consolidated Edison Co. of N.Y.*, 275 AD2d 218, 220 [2000]).

The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of the covenant of good faith and fair dealing. Although every contract contains an implied covenant of good faith and fair dealing (*see Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 68 [1978]; *Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 513-514 [1999]), and "[t]his covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (*Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d at 514), a cause of action alleging breach of the implied covenant of good faith and fair dealing must be dismissed if it is merely duplicative of a breach of contract claim (*see New York Univ. v Continental Ins. Co.*, 87 NY2d at 319-320). Here, the cause of action alleging breach of the covenant of good faith and fair dealing merely duplicated the cause of action alleging breach of contract (*id.* at 320).

Lastly, the Supreme Court properly determined that the entire complaint insofar as asserted against Cordovi should be dismissed. In addition to the flaws in the particular causes of action discussed above, the complaint failed to sufficiently allege that Cordovi should be held individually liable for the causes of action alleging breach of contract or unjust enrichment under the doctrine of piercing the corporate veil. Specifically, the complaint failed to allege that Cordovi "exercised complete domination over [Complete] in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to [Complete]" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2009], *affd* 16 NY3d 775 [2011]). Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.