## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 16, 2016           520738
_____

JOSEPH STRAUSS,
                    Appellant,
          v                          MEMORANDUM AND ORDER

CITY OF GLENS FALLS,
                    Respondent.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Joseph Strauss, Glens Falls, appellant pro se.

        Newell & Klingebiel, Glens Falls (David C. Klingebiel of
counsel), for respondent.

_____

Lynch, J.

        Appeal from an order of the County Court of Warren County
(Hall Jr., J.), entered May 8, 2014, which affirmed a judgment of
the City Court of the City of Glens Falls in favor of defendant.

        Plaintiff entered into a written agreement with defendant
to provide an easement over his property in connection with a
municipal sewer project.  A dispute between the parties arose in
2012 when plaintiff's property was damaged during the course of
the project.  The parties attempted to resolve the dispute, but
negotiations terminated on July 17, 2013.  Thereafter, on October
10, 2013, plaintiff sent a pro se letter to defendant advising of
his intention to file a lawsuit, and he filed an application for
a small claims action against defendant in the City Court of the
City of Glens Falls.  In proceedings before the court, defendant
objected that plaintiff had not filed a timely notice of claim in

accordance with the requirements of General Municipal Law § 50-e and Charter of the City of Glens Falls § 10.14.5. City Court agreed and dismissed the action. County Court upheld the dismissal and plaintiff now appeals.

General Municipal Law § 50-e (1) (a) provides that a party seeking to bring a tort action against a municipality must file a notice of claim within 90 days of the date that the claim arises (see O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). A similar provision is contained in Charter of the City of Glens Falls § 10.14.5. The notice of claim provisions of General Municipal Law § 50-e, however, apply only to actions sounding in tort, not to those premised upon breach of contract (see Finkle v City of Glen Cove, 55 AD3d 785, 786 [2008]; Hoydal v City of New York, 154 AD2d 345, 346 [1989]; Stanford Heights Fire Dist. v Town of Niskayuna, 120 AD2d 878, 879 [1986]). The same is true of City of Glens Falls City Charter § 10.14.5, as its terms make clear. Here, plaintiff's small claims action is premised upon defendant's alleged failure to comply with the provisions of the easement agreement resulting in damage to his property in the amount of $5,000. Inasmuch as plaintiff's action sounds in breach of contract, not tort, the notice of claim provisions of General Municipal Law § 50-e and Charter of the City of Glens Falls § 10.14.5 are inapplicable. Therefore, plaintiff's action should not have been dismissed due to the untimely filing of a notice of claim. In view of our disposition, we need not address plaintiff's remaining claims.

Garry, J.P., Egan Jr., Devine and Mulvey, JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court