Malik v Ultraline Med. Testing, P.C. (2021 NY Slip Op 00020)





Malik v Ultraline Med. Testing, P.C.


2021 NY Slip Op 00020


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 651250/17 Appeal No. 12759 Case No. 2020-01620 

[*1]Abdul Q. Malik, M.D. et al., Plaintiffs-Respondents,
v
Ultraline Medical Testing, P.C. et al., Defendants, Ultraline Management, Inc. et al., Defendants-Appellants.


C. Cardillo, PC, Brooklyn (Christopher Cardillo of counsel), for appellants.
Barclay Damon LLP, Albany (Brad M. Gallagher of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 31, 2019, which, insofar as appealed from as limited by the briefs, denied that part of the individual defendants' motion to dismiss the fraudulent misrepresentation and aiding and abetting fraud causes of action as against them, unanimously affirmed, with costs.
Given plaintiffs' detailed description of the Medicaid billing fraud ring, their allegations as to the individuals' participation in that scheme were sufficient, in particular because additional facts were exclusively within defendants' knowledge (see Lanzi v Brooks, 43 NY2d 778, 780 [1977]). Plaintiffs' allegations that the purpose of defendants' offer of a contract for remote medical readings was to obtain plaintiffs' billing credentials could not be dismissed based on a defendants' affidavit that merely contradicted those allegations (Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014]). Nor was this a mere allegation that defendants had a hidden intention not to perform a contract (cf. Orix Credit Alliance v Hable Co., 256 AD2d 114, 115 [1st Dept 1998]). Furthermore, defendants' arguments as to causation raise issues of fact that must be determined at a later phase of the action.
For the same reasons that plaintiffs' allegations with regard to fraud were sufficient, their allegations that each of the individual defendants aided and abetted each other in the fraud were also sufficient.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021