Colle Capital Partners LP v Automaton, Inc. (2024 NY Slip Op 01504)

Colle Capital Partners LP v Automaton, Inc.

2024 NY Slip Op 01504

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 650606/22 Appeal No. 1882 Case No. 2023-06117 

[*1]Colle Capital Partners LP et al., Respondents,
v
Automaton, Inc., Appellant.

Amini LLC, New York (Jeffrey Chubak of counsel), for appellant.
Peckar & Abramson, P.C., New York (Doris D. Short of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about October 25, 2023, which, insofar as appealed from as limited by the briefs, granted plaintiffs' cross-motion for leave to file a third amended complaint amending their allegations with respect to the fraud and breach of sale agreement claims and adding Spencer Hewett and Michael Murphy as defendants, unanimously modified, on the law, the cross-motion denied as to the proposed amendments to the fraud claim and the proposed joinder of Hewett, and otherwise affirmed, without costs.
Leave to amend the breach of sale agreement claim was properly granted (see generally CPLR 3025[b]; LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 4 [1st Dept 2019]). Plaintiffs sufficiently alleged facts permitting a reasonable inference that board approval of the share transfer had been or would be provided. Plaintiffs also sufficiently alleged that Automaton's obligation to transfer shares pursuant to the sale agreement was supported by valid consideration — namely, plaintiff's agreement, in exchange, to purchase the so-called SB Note (see generally Weiner v McGraw-Hill, Inc. 57 NY2d 458, 464 [1982]).
Leave to amend the fraud claim should, however, have been denied because this claim, even as amended, was duplicative of the breach of sale agreement claim. The alleged misrepresentations were not collateral to the subject matter of the sale agreement; indeed, some of them were explicitly contained therein (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 67 [1st Dept 2017]; Orix Credit Alliance v Hable Co., 256 AD2d 114, 115-116 [1st Dept 1998]). Although plaintiffs could theoretically have suffered damages separate from their payment for shares they never received, they did not allege any other losses (see generally MBIA Ins. Corp. v Credit Suisse Sec. (USA) LLC, 165 AD3d 108, 114 [1st Dept 2018]).
In view of our disposition of this issue, we need not reach the parties' arguments with respect to the specificity of the misrepresentation allegations and the effect of the sale agreement's disclaimer of reliance and merger clauses.
Proposed defendant Michael Murphy is properly joined as a party insofar as the claims against him arise from the same series of transactions and occurrences as the breach of sale agreement claim (see generally CPLR 1002[b]). Leave to amend to join proposed defendant Spencer Hewett should, however, be denied insofar as the only claim against him (for fraud) has been dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024