Greene v City of New York (2024 NY Slip Op 03415)

Greene v City of New York

2024 NY Slip Op 03415

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-05274
 (Index No. 715391/19)

[*1]Angela I. Greene, appellant,
v
City of New York, etc., respondent.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Devin Slack and Benjamin H. Pollak of counsel), for respondent.
Angela I. Greene, Stoughton, MA, appellant pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered June 14, 2022. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought to recover damages for personal injuries and psychological and emotional distress.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleged that in 2018, a sewer located near the corner of 37th Avenue and 48th Street in Queens overflowed and flooded her automobile, destroying the automobile and certain property inside of it. After serving a notice of claim upon the City of New York, the plaintiff commenced this action to recover damages for injury to property, lost earnings, personal injuries, and psychological and emotional distress stemming from the incident.
Subsequently, the City moved, inter alia, pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought to recover damages for personal injuries and psychological and emotional distress, arguing, among other things, that the plaintiff failed to serve an adequate notice of claim pursuant to General Municipal Law § 50-e(2). In an order entered June 14, 2022, the Supreme Court, inter alia, granted those branches of the City's motion. The plaintiff appeals.
"A notice of claim is a condition precedent to bringing a tort claim against a municipality" (Finke v City of Glen Cove, 55 AD3d 785, 786 [internal quotation marks omitted]; see General Municipal Law § 50-e[1][a]). Pursuant to General Municipal Law § 50-e(2), a notice of claim must set forth, among other things, "the nature of the claim" and "the items of damage or injuries claimed to have been sustained." Causes of action for which a notice of claim is required but that are not listed in the plaintiff's original notice of claim may not be interposed, since the addition of such causes of action that were not referred to, either directly or indirectly in the original notice of claim, would substantially alter the nature of the plaintiff's claims (see Finke v City of Glen Cove, 55 AD3d at 786; see also Washington v City of New York, 190 AD3d 1009; Mazzilli v City of New York, 154 AD2d 355, 357; Demorcy v City of New York, 137 AD2d 650, 650-651).
Contrary to the plaintiff's contention, she failed to serve an adequate notice of claim pursuant to General Municipal Law § 50-e(2) with regard to so much of the complaint as sought to recover damages for personal injuries and psychological and emotional distress. The notice of claim was limited to allegations that the plaintiff's property was damaged as the result of flooding from a broken sewer and/or catch basin and that the plaintiff also suffered lost earnings. There were no allegations, direct or indirect, that the plaintiff herself sustained personal injuries or suffered from psychological and emotional distress as a result of the incident (see Mazzilli v City of New York, 154 AD2d at 357). While the plaintiff is correct that General Municipal Law § 50-e(2) only requires that damages and injuries be listed so far as then practicable, here, the plaintiff's failure was not one of fully itemizing her alleged damages or injuries, but rather, a failure to give notice of the nature of her claims.
Accordingly, the Supreme Court properly granted those branches of the City's motion which were pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought to recover damages for personal injuries and psychological and emotional distress (see Kraja v New York City Tr. Auth., 57 AD3d 854; Olivera v City of New York, 270 AD2d 5; see also Davis v City of New York, 153 AD3d 658, 661).
In light of the foregoing, we need not reach the plaintiff's remaining contention.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court