■ EDMOND JACKSON, Appellant, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents. [596 NYS2d 457] —In an action to recover damages for violation of his Federal constitutional rights under 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated March 5, 1991, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff was tried and convicted of murder, felony murder, attempted robbery in the first degree, and unlawful possession of a weapon. The conviction was upheld by this Court *(see, People v Jackson,* 40 AD2d 1081) and, subsequently, by the Court of Appeals *(see, People v Jackson,* 35 NY2d 856). Thereafter, The United States District Court for the Southern District of New York, in a habeas corpus proceeding, vacated the conviction, holding that the identification procedure was so suggestive as to unconstitutionally taint the in-court identifications by the witnesses *(see, Jackson v Fogg,* 465 F Supp 177). The United States Court of Appeals for the Second Circuit affirmed *(see, Jackson v Fogg,* 589 F2d 108).

The plaintiff then commenced this action to recover damages for false arrest, false imprisonment, and deprivation of civil rights. Upon the defendants' motion, the plaintiff's causes of action sounding in false arrest and false imprisonment were dismissed for failure to serve a timely notice of claim. However, the claim sounding in deprivation of civil rights was held to be timely.

Subsequently, the defendants moved to dismiss the civil rights cause of action. The court dismissed that cause of action, finding that the plaintiff had failed to plead and, indeed, could not prove that the defendant City had a custom or policy that caused the alleged deprivation of his civil rights, and that the defendant Harold Cannon was protected by the qualified immunity doctrine. We find that the motion was properly granted.

A municipality can be found liable under 42 USC § 1983 for deprivation of constitutional rights only where the municipality itself causes the constitutional violation at issue *(see, Monell v New York City Dept. of Social Servs.,* 436 US 658). It cannot be held liable pursuant to 42 USC § 1983 based solely upon the doctrine of respondeat superior or vicarious liability *(see, Canton v Harris,* 489 US 378; *Batista v Rodriguez,* 702 F2d 393). To prevail on a cause of action to recover damages pursuant to 42 USC § 1983 against a municipality, the plaintiff must specifically plead and prove (1) an official policy or custom that (2) causes the claimant to be subjected to (3) a denial of a constitutional right *(see, Monell v New York City Dept. of Social Servs., supra; Batista v Rodriguez, supra; Willinger v Town of Greenburgh,* 169 AD2d 715, 716). Where the plaintiff seeks to establish that the municipality is liable by virtue of the inadequate training of its police officers, the plaintiff must plead and prove that the municipality's failure to train its police officers in a relevant respect evidences a deliberate indifference to the rights of its inhabitants *(Canton v Harris,* 489 US 378, 389-390, *supra).*

The plaintiff in this case failed to show that the City did not adequately train its police officers. Indeed, in opposing the defendants' motion, the plaintiff presented an affidavit of his expert, a former sergeant in the police department, which stated merely that "[t]he procedures employed by the officers and detectives in this matter were incorrect and in violation of the existing policy, practices and procedures of the New York City Police Department". A city would not be automatically liable pursuant to 42 USC § 1983 if one of its employees happened to apply its policies in an unconstitutional manner, for liability may not rest on the doctrine of respondeat superior *(see, Canton v Harris, supra,* at 387). The plaintiff also failed to set forth evidence of municipal supervisory indifference on the part of the municipality, such as acquiescence in a prior pattern of conduct, from which a custom or policy could be inferred *(see, Turpin v Mailet,* 619 F2d 196, *cert denied sub nom. Turpin v City of W. Haven,* 449 US 1016).

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.