■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PENNSYLVANIA, Respondent, v WANDA PARDO et al., Defendants, and CITY OF GLEN COVE et al., Appellants. [617 NYS2d 504] —In an action for a judgment declaring, *inter alia,* that the plaintiff has no duty to defend or indemnify the appellants City of Glen Cove and the City of Glen Cove Police Department in an underlying action brought by the defendants Wanda Pardo, Jennifer Y. Pardo, and Morton C. Lopez, and their mother, Wanda Pardo, against the appellants and the defendants Michael Palese and Christine Palese, the appeal is from an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 19, 1992, which granted the plaintiff's motion for summary judgment and denied the appellants' cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff has no duty to defend or indemnify the appellants in the underlying action.

An action was commenced against, *inter alia,* the appellants City of Glen Cove (hereinafter the City) and the City of Glen Cove Police Department (hereinafter the Police Department) alleging that the Police Department was negligent in its handling of a report of child abuse. Prior to commencement of the action, a notice of claim had been served on the City which, in turn, was forwarded to its insurer, the plaintiff in this action. The plaintiff denied coverage based on an exclusionary clause in the insurance policy, stating that "This insurance does not apply to activities of any law enforcement personnel and/or agency." After the summons and complaint

in the underlying action were forwarded to the plaintiff, it reserved its right to deny coverage, although it retained counsel to defend the action. The plaintiff then commenced this action seeking a declaration, *inter alia,* that it had no duty to defend or indemnify the City or the Police Department in the underlying negligence action. Thereafter, the plaintiff moved for summary judgment and the appellants cross-moved for the same relief. The Supreme Court granted the motion and denied the cross motion.

The Supreme Court properly found that the allegations in the complaint against the City and the Police Department fall within the scope of the policy's exclusionary clause, which is clear and unambiguous. It is well settled that " '[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies' * * * and unambiguous provisions must be given their plain and ordinary meaning" *(Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868). Here, the general exclusion for law enforcement activities is clear in its meaning and, contrary to the appellants' contention, the specified exceptions to the exclusionary clause are simply carved out from the clause as distinct areas for which coverage is provided. They do not render the remainder of the insurance contract ambiguous or inconsistent.

The plaintiff's motion was not barred by the doctrines of laches or estoppel. The plaintiff timely denied coverage, reserved its rights, and commenced this declaratory judgment action.

Finally, we note that since this is a declaratory judgment action, a judgment should be entered granting declaratory relief in favor of the plaintiff *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.