■ DEAN NASCA, Appellant, v CHRISTINA SGRO et al., Respondents, et al., Defendants. [957 NYS2d 246]—

The plaintiff's children attend Academy Street Elementary School in Bayport. Upon the enrollment of each of the plaintiff's children at the school, the plaintiff received a written school "policy," which was apparently distributed to all parents, outlining the procedures for dropping off and picking up children at the school. This action arises from an incident that occurred on December 22, 2009, when the plaintiff allegedly had to wait for 25 minutes in traffic before being able to drop off his children because other parents who were dropping off children were not following the procedure specified in the written policy. The plaintiff confronted the defendant Christina Sgro, a crossing guard employed by the Suffolk County Police Department (hereinafter the Department), and told her that he expected her "to do [her] 'friggin' job." The next day, the plaintiff returned to the area, parked his car, and began videotaping Sgro as she

worked. The plaintiff complained to the principal, as well as to Sgro's supervisor, the defendant Lisa Allen, and to the commanding officer of the Department's Fifth Precinct, the defendant Aristides Mojica, without receiving, in his view, a satisfactory response. Around the same time, Sgro filed an incident report with the Department alleging that the plaintiff had harassed her by cursing at her and videotaping her. Thereafter, the plaintiff commenced this action, inter alia, seeking to compel the defendants to enforce the school's drop-off/pick-up procedure, and seeking damages for defamation and alleged violations of 42 USC §§ 1983 and 1985. In an order dated June 17, 2011, the Supreme Court granted the motion of Sgro, Allen, Mojica, and the County of Suffolk (hereinafter collectively the movants) pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The plaintiff appeals.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether from the complaint's "four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Country Pointe at Dix Hills Home Owners Assn., Inc. v Beechwood Org.*, 80 AD3d 643, 649 [2011]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]). Although the facts pleaded are presumed to be true and are to be accorded every favorable inference (*see Gershon v Goldberg*, 30 AD3d 372, 373 [2006]), "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Riback v Margulis*, 43 AD3d 1023, 1023 [2007]; *see Baron v Galasso*, 83 AD3d 626, 628 [2011]), nor are legal conclusions or factual claims which are inherently incredible (*see Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 430 [2005]). Whether the complaint will withstand a subsequent motion for summary judgment, or whether the plaintiff will be able to prove his claim, is irrelevant to the determination of a pre-disclosure CPLR 3211 motion to dismiss (*see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34 [2006]). Applying the above principles here, the Supreme Court properly granted the movants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

"To prevail on a cause of action to recover damages pursuant to 42 USC § 1983 against a municipality, the plaintiff must specifically plead and prove (1) an official policy or custom that (2) causes the claimant to be subjected to (3) a denial of a constitutional right" (*Jackson v Police Dept. of City of N.Y.*, 192

AD2d 641, 642 [1993], *cert denied* 511 US 1004 [1994]; *see Monell v New York City Dept. of Social Servs.*, 436 US 658, 690-691 [1978]; *Adickes v S. H. Kress & Co.*, 398 US 144, 167-168 [1970]). A plaintiff may demonstrate the existence of a policy or custom by showing that the acts of the municipal agent were part of a widespread practice that, although not expressly authorized, constituted a custom or usage of which a supervising policy-maker must have been aware (*see Board of Comm'rs of Bryan Cty. v Brown*, 520 US 397, 404-406 [1997]; *Monell v New York City Dept. of Social Servs.*, 436 US 658 [1978]). Here, the plaintiff failed to allege that Sgro's alleged misconduct was part of a widespread practice. Further, while he alleged that he had complained to her supervisor and to the commanding officer of the Fifth Precinct, he failed to allege that any final policy-maker had either expressly or implicitly condoned her conduct (*see St. Louis v Praprotnik*, 485 US 112 [1988]; *Ramos v City of New York*, 285 AD2d 284 [2001]). In addition, the plaintiff failed to adequately allege any facts to support a section 1983 claim based upon an equal protection violation (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617 [2004]; *Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192 [2009]), or the purported inadequate training and supervision of crossing guards (*see Jackson v Police Dept. of City of N.Y.*, 192 AD2d 641 [1993]).

With respect to the cause of action sounding in mandamus seeking to compel the defendants to enforce the school's drop-off/pick-up procedure, mandamus is an extraordinary remedy which will lie only to enforce a clear legal right (*see Matter of City of Newburgh v Public Empl. Relations Bd. of State of N.Y.*, 63 NY2d 793 [1984]). The plaintiff's complaint fails to allege sufficient facts to show that he has a clear legal right to the relief he seeks. In particular, while General Municipal Law § 208-a authorizes a municipality to appoint school crossing guards who have the authority to enforce the traffic laws on public streets (*see People v Jennings*, 75 Misc 2d 408 [1973]), the plaintiff seeks the enforcement of a school's drop-off/pick-up procedure on school property.

With respect to his cause of action alleging defamation, the plaintiff has failed to allege that he suffered any special damages (*see Liberman v Gelstein*, 80 NY2d 429 [1992]; *Boyle v Stiefel Labs.*, 204 AD2d 872 [1994]; *Matherson v Marchello*, 100 AD2d 233 [1984]). Moreover, he failed to allege that Sgro's alleged defamatory statements imputed "any kind of fraud, dishonesty, misconduct, or unfitness in conducting [his] profession" so as to constitute slander per se (*Kotowski v Hadley*, 38 AD3d 499, 500 [2007] [internal quotation marks omitted]; *see Gjonlekaj v Sot*, 308 AD2d 471 [2003]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.