■ COUNTY OF DUTCHESS et al., Appellants, v ARGONAUT INSURANCE COMPANY, Also Known as ARGONAUT GROUP, Respondent. [54 NYS3d 78]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Bozella v County of Dutchess*, commenced in the United States District Court for the Southern District of New York under Case No. 10-Civ-4917, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Sproat, J.), dated January 9, 2015, which denied their motion for summary judgment declaring that the defendant is obligated to defend and indemnify the plaintiff County of Dutchess in the underlying action, granted the defendant's cross motion, in effect, for summary judgment declaring that it is not obligated to defend or indemnify them in the underlying action, and declared that the defendant is not obligated to defend or indemnify them in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

In 1983, Dewey Bozella was convicted of murder in connection with the death of a 92-year-old woman. His conviction was overturned in 1989, and he was retried and convicted again in 1991. On October 14, 2009, Bozella's conviction was vacated based on newly discovered evidence which allegedly should have been disclosed to Bozella's defense counsel by the Dutchess County District Attorney's Office. Thereafter, Bozella commenced an action in federal court against the County of Dutchess and an assistant district attorney (hereinafter together the plaintiffs), to recover damages for civil rights violations. After lengthy motion practice, the only cause of action remaining in the underlying action was Bozella's cause of action to recover damages pursuant to 42 USC § 1983 against the County, which alleged that Bozella's injuries were caused by the County's unconstitutional *Brady* disclosure policy (*see Brady v Maryland*, 373 US 83 [1963]).

The County tendered its defense in the underlying action to its insurance carrier, Argonaut Insurance Company, also known as Argonaut Group (hereinafter Argonaut), pursuant to coverage provided by a public entity policy of insurance (hereinafter

the subject insurance policy). Argonaut disclaimed coverage, and the plaintiffs commenced this action seeking a judgment declaring that Argonaut was obligated to defend and indemnify them in the underlying action. Thereafter, the plaintiffs moved for summary judgment declaring that the defendant is obligated to defend and indemnify the County in the underlying action, and Argonaut cross-moved, in effect, for summary judgment declaring that it is not obligated to defend or indemnify them in the underlying action. The Supreme Court denied the plaintiffs' motion, granted Argonaut's cross motion, and declared that Argonaut is not obligated to defend or indemnify the plaintiffs in the underlying action. The plaintiffs appeal.

To prevail on a cause of action to recover damages pursuant to 42 USC § 1983 against a municipality, a plaintiff must specifically plead and prove "(1) an official policy or custom that (2) causes the claimant to be subjected to (3) a denial of a constitutional right" (*Jackson v Police Dept. of City of N.Y.*, 192 AD2d 641, 642 [1993], citing *Monell v New York City Dept. of Social Servs.*, 436 US 658 [1978]). A plaintiff may demonstrate "the existence of a policy or custom by showing that the acts of the municipal agent were part of a widespread practice that, although not expressly authorized, constituted a custom or usage of which a supervising policy-maker must have been aware" (*Nasca v Sgro*, 101 AD3d 963, 965 [2012]).

Here, Argonaut's submissions in support of its cross motion, in effect, for summary judgment established its prima facie entitlement to judgment as a matter of law, and the plaintiffs failed to raise a triable issue of fact in opposition thereto. The Supreme Court properly concluded that the wrongful acts alleged in the cause of action to recover damages pursuant to 42 USC § 1983 in the underlying action were not covered under the public officials' liability or the law enforcement liability coverage parts of the subject insurance policy. The amended complaint in the underlying action alleged that the plaintiffs acted wrongfully in obtaining exculpatory *Brady* evidence and in deliberately withholding this evidence from Bozella's trial counsel from 1977 through 2008. Nevertheless, there is no coverage for these wrongful acts under the public officials' liability coverage part, since the wrongful acts occurred "in part" prior to the policy's retroactive date of October 1, 1999. Similarly, there is no coverage for the wrongful acts under the law enforcement liability coverage part, as the wrongful acts allegedly were first committed prior to the policy's effective date of October 1, 2009.

To negate coverage by virtue of an exclusion, an insurer must

establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case (*see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *Hotel des Artistes v General Acc. Ins. Co. of Am.*, 9 AD3d 181 [2004]). "An exclusion from coverage must be specific and clear in order to be enforced, and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538, 539 [2002] [internal quotation marks and citation omitted]). However, an unambiguous policy provision must be accorded its plain and ordinary meaning (*see Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d at 539, citing *Sanabria v American Home Assur. Co.*, 68 NY2d 866 [1986]).

Here, the commercial general liability coverage parts contain a clause which provides that no coverage applies for any claim involving any "activity or function by or on behalf of any law enforcement agency or any agent thereof and/or activity or function related to the administration of the criminal justice system." Contrary to the plaintiffs' contention, the allegations in the underlying complaint fall within the scope of this exclusionary clause, which is clear and unambiguous in its meaning (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Pardo*, 208 AD2d 702, 703 [1994]; *see also Campoverde v Fabian Bldrs., LLC*, 83 AD3d 986 [2011]; *Jahier v Liberty Mut. Group*, 64 AD3d 683 [2009]; *Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d 415 [2007]).

Contrary to the plaintiffs' contention, Argonaut did not waive its defenses to coverage under the subject insurance policy. Waiver, which is a voluntary and intentional relinquishment of a known right, does not apply here because "the failure to disclaim based on an exclusion will not give rise to coverage that does not exist" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 323 [1995]; *see Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]; *Provencal, LLC v Tower Ins. Co. of N.Y.*, 138 AD3d 732, 734 [2016]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment declaring that the defendant is obligated to defend and indemnify the County in the underlying action, granted the defendant's cross motion, in effect, for summary judgment declaring that it is not obligated to defend or indemnify them in the underlying action, and declared that the defendant is not obligated to defend or indemnify them in the underlying action. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.