Matter of Jaffa v City of New York (2021 NY Slip Op 01142)





Matter of Jaffa v City of New York


2021 NY Slip Op 01142


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 158061/18 Appeal No. 13191 Case No. 2019-3360 

[*1]In the Matter of Jack Jaffa et al., Petitioners-Appellants,
v
The City of New York, et al., Respondents-Respondents.


Klein Slowik, PLLC, New York (Mikhail Sheynker of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 26, 2019, which, in this hybrid CPLR article 78/plenary action, denied the petition brought to challenge the policy of the New York City Office of Administrative Trials and Hearings (OATH) requiring an original signature on authorization forms for representatives appearing in live hearings and certain adjournment rules, dismissed the proceeding, and granted respondents' cross motion to dismiss the plenary claims, unanimously affirmed, without costs.
The court correctly determined that OATH's original signature policy was not arbitrary (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]). Contrary to petitioners' contention, the policy is not precluded by the Electronic Signatures and Records Act (see State Technology Law § 309). The policy did not create a new obligation to obtain authorization, but only addressed the acceptable proof of authorization, and therefore was not required to be promulgated as a rule under the City Administrative Procedure Act (see Cubas v Martinez, 8 NY3d 611, 621 [2007]; Matter of Bd. of Educ. of the Kiryas Joel Vil. Union Free Sch. Dist. v State of New York, 110 AD3d 1231, 1233 [3d Dept 2013], lv denied 22 NY3d 861 [2014]).
With respect to the 42 USC § 1983 and declaratory judgment causes of action, petitioners lack standing to raise the claim that the original signature policy violates the due process rights of its non-member clients, who are not parties to this proceeding (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991]; see also Nasca v Sgro, 101 AD3d 963, 964 [2d Dept 2012]).
The court correctly dismissed the First Amendment plenary claims, which concerned OATH's adjournment rules, for failure to state a cause of action. OATH's rules state that it has the duty and authority to take action to avoid delay in the disposition of proceedings (48 RCNY 6-02[b][2]; see also 48 RCNY 6-14[b][7]). The rules allow for one pre-hearing adjournment without cause and subsequent adjournments in person and upon a showing of good cause (see 48 RCNY 6-05; 6-14). A prohibition on the exercise of religion is not the object of the rules, but only an incidental effect of the generally applicable and otherwise valid provisions (see Catholic Charities of Diocese of Albany v Serio, 7 NY3d 511, 521-522 [2006], cert denied 552 US 816 [2007]). Petitioners' CPLR article 78 challenge to the adjournment rules is similarly unavailing.
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021