Curry v Town of Oyster Bay (2023 NY Slip Op 02297)

Curry v Town of Oyster Bay

2023 NY Slip Op 02297

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-03132
 (Index No. 18/20)

[*1]Edward Curry, etc., respondent, 
v
Town of Oyster Bay, et al., appellants, et al., defendants.

Frank M. Scalera, Town Attorney, Oyster Bay, NY (Jeffrey Lesser of counsel), for appellants.
Law Offices of Geoffrey T. Mott, P.C., Woodbury, NY (Geoffrey T. Mott and Samuel W. Miller of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the defendants Town of Oyster Bay, O.B. Sanitation Dept., and Mike Del appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated March 30, 2021. The order denied those defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Town of Oyster Bay, O.B. Sanitation Dept., and Mike Del which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action arising from an incident that allegedly occurred on January 6, 2019, insofar as asserted against the defendants O.B. Sanitation Dept. and Mike Del, and to dismiss the causes of action arising from events that allegedly occurred after January 6, 2019, insofar as asserted against the defendants Town of Oyster Bay, O.B. Sanitation Dept., and Mike Del, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff filed a notice of claim with the defendant Town of Oyster Bay, alleging that, on January 6, 2019, certain firefighters assaulted him while he was sitting in his motor vehicle. The plaintiff thereafter commenced this action against, among others, the Town, O.B. Sanitation Dept., and Mike Del (hereinafter collectively the appellants). In addition to allegations concerning the January 6, 2019 incident, the complaint contained allegations concerning conduct committed by sanitation workers after January 6, 2019. The appellants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. By order dated March 30, 2021, the Supreme Court denied the motion.
The Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action arising from the January 6, 2019 incident insofar as asserted against O.B. Sanitation Dept. and Mike Del. Based upon the plaintiff's own allegations, those defendants were not involved in the January 6, 2019 incident. The court, however, properly declined to direct dismissal of the causes of action arising from the January 6, 2019 incident insofar as asserted against the Town. The Town did not demonstrate that the plaintiff [*2]had no cause of action against it based upon a theory of vicarious liability for the actions of the individuals allegedly involved in the January 6, 2019 incident (see generally Matter of Froelich v South Wilson Volunteer Fire Co., 198 AD3d 1312, 1313-1314; Cuddy v Town of Amsterdam, 62 AD2d 119).
The Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action arising from events allegedly transpiring after January 6, 2019, insofar as asserted against them, because the plaintiff failed to serve an adequate notice of claim with respect to those causes of action. "[C]auses of action or legal theories may not be raised in the complaint that were not directly or indirectly mentioned in the notice of claim and that change the nature of the claim or assert a new one" (Washington v City of New York, 190 AD3d 1009, 1011; see Mazzilli v City of New York, 154 AD2d 355, 357). Here, the notice of claim was limited to the incident that allegedly transpired on January 6, 2019, and thus, the causes of action arising out of events allegedly occurring thereafter, insofar as asserted against the appellants, are foreclosed (see Washington v City of New York, 190 AD3d at 1011).
In light of our determination, we need not reach the appellants' remaining contentions.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court