Fromer v City of New York (2023 NY Slip Op 51447(U))

[*1]

Fromer v City of New York

2023 NY Slip Op 51447(U)

Decided on December 28, 2023

Supreme Court, Kings County

Frias-Colón, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 28, 2023
Supreme Court, Kings County

Yevgen Isaac Fromer, Plaintiff,

against
The City of New York, New York City Police Department, the 66th Precinct in Kings County and Police Officer Igor Smolyakov, Shield No. 28250, Detective Al Mercelli, Shield No. 7844, Employed by the City of New York and the New York City Police Department in their official and individual capacity and assigned to the 66th Police Precinct, Jacob Daskal, AKA Jacob Daskel, Yahezkl Fishback, John Doe 1, John Doe 2, Church 518 Corp, Boro Park Shomrim patrol, Flatbush Shomrim Safety Patrol, Inc., Shomrim Patrol of Brooklyn, Shomrim Volunteer Patrol, Flatbush Shomrim Inc., Crownheights Shomrim Volunteer Safety Patrol, Inc., John Doe Corp and John Doe, Inc., Defendants.

Index No. 17264/2013

For Plaintiff Yevgen Isaac Fromer: Julie D. Globus of Sabharwal, Globus & Lim, LLP, 1 Crosfield Ave Ste. 303, West Nyack, NY 10994 
For Defendants City: Dario Rabak of NYC Law Dept., One Pierrepoint Plaza 300 Cadman Plaza West, Brooklyn, NY 11206

Patria Frias-Colón, J.

Upon the foregoing cited papers and after oral argument on March 29, 2023, pursuant to CPLR § 3212 and 3211(a)(7), Defendants the City of New York, the 66th Precinct in Kings County, Police Officer Igor Smolyakov, Shield No. 28250, Detective Al Mercelli, Shield No. 7844 and the New York City Police Department's ("City") Motion for Summary Judgment on Plaintiff's first cause of action and to Dismiss Plaintiff's second, third, fourth, fifth, sixth, seventh, eight, and ninth causes of action for failing to properly plead these claims is GRANTED IN ITS ENTIRETY.
BACKGROUND
This action arises from injuries sustained by Plaintiff as a result of his June 28, 2012 [*2]arrest in front of 29 Church Avenue, Brooklyn, New York.[FN1]
Plaintiff filed his Notice of Claim on September 20, 2012 [FN2]
and the Summons and Complaint on September 25, 2013.[FN3]
Defendant City answered on February 10, 2014.[FN4]

Plaintiff brings nine causes of action: (1) false arrest under New York State Law; (2) false arrest/imprisonment pursuant to 42 U.S.C. § 1983; (3) negligent hiring; (4) malicious prosecution; (5) negligent investigation; (6) unjust enrichment; (7) illegal conversion; (8) larceny by false pretenses; and (9) fraud.[FN5]

On January 9, 2023, the City filed this Motion for Dismissal and Summary Judgment,[FN6]
arguing that for Plaintiff's first cause of action of false arrest, probable cause existed, and to Dismiss Plaintiff's second, third, fourth, fifth, sixth, seventh, eight, and ninth causes of action for failing to properly plead these claims, pleading claims not recognized under New York State Law, and failing to satisfy a condition precedent to suit.[FN7]

DISCUSSION
a. False Arrest and Malicious Prosecution claims
The "elements of false imprisonment and false arrest are that the defendant intended to confine the plaintiff, the plaintiff was conscious of the confinement and did not consent to the confinement and the confinement was not otherwise privileged." Metwally v. City of New York, 215 AD3d 820 (2d Dept. 2023) (quoting Luers v. City of New York, 205 AD3d 898 [2d Dept. 2022]). The existence of probable cause constitutes a complete defense to a cause of action of false arrest and malicious prosecution. Okunubi v. City of New York, 109 AD3d 888 (2d Dept. 2013). Probable cause consists of such facts and circumstances that would lead a reasonably prudent person under similar circumstances to believe the plaintiff is guilty. Luers v. City of New York, 205 AD3d at 899; Jones v. City of New York, 206 AD3d 635, 638 (2d Dept. 2022), lv to appeal denied, 39 NY3d 970 (2022). Probable cause merely requires sufficient information to support a reasonable belief that an offense has been committed or is being committed and it must be judged under the totality of the circumstances. Id. at 638. Probable cause "is a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn." Sloane v. City of New York, 168 AD3d 1015 (2d Dept. 2019) (quoting Diederich v. Nyack Hosp., 49 AD3d 491 [2d Dept. 2008]). Generally, "information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest." Rapuzzi v. City of New York, 186 AD3d 1548 (2d Dept. 2020) (quoting Carlton v. Nassau County Police Dept., 306 AD2d 365 [2d Dept. 2003]).
Here, City Defendants established entitlement to judgment as a matter of law dismissing the false arrest and malicious prosecution causes of action. In support of their motion, the City Defendants submitted, among other things, transcripts of trial testimony establishing that identified citizens provided information accusing Plaintiff of specific crimes sufficient to provide police the requisite probable cause to arrest him.[FN8]
Id. at 1549-1550. In opposition, Plaintiff fails to raise a triable issue of fact. Plaintiff argues that Defendant Officer Smolyakov lacked probable cause because he "failed to listen to anything Plaintiff said, namely that the property belonged to Plaintiff Fromer."[FN9]
While it is true that a "failure to make further inquiry when a reasonable person would have done so" can be evidence of lack of probable cause,[FN10]
"the mere failure to follow some leads does not amount to an egregious deviation from accepted practices or fraud."[FN11]
In pertinent part, Officer Smolyakov testified that after seeing Plaintiff arrive on the scene, Officer Smolyakov asked Plaintiff what happened and Plaintiff said he owned the store and everything inside.[FN12]
Officer Smolyakov stated Plaintiff admitted going inside the store but denied breaking the lock and when asked if Plaintiff had the key to the lock, Plaintiff stated he did not.[FN13]
Under these circumstances, the officer's actions did not "amount to an egregious deviation from accepted practices or fraud," when confronted with the information that the Plaintiff possibly owned the subject property.
Therefore, as probable cause to arrest Plaintiff existed under these circumstances, Plaintiff's claims of false arrest and malicious prosecution are dismissed.
b. False Arrest/Imprisonment claims under 42 U.S.C. § 1983
In order to hold a city liable under 42 U.S.C. § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Jackson v. Police Dept. of City of New York, 192 AD2d 641 (2d Dept. 1993); Batista v. Rodriguez, 702 F.2d 393 (2d Cir. 1983). When a plaintiff's complaint fails to allege or sufficiently state facts that plausibly give rise to an official policy or custom that led to the deprivation of any constitutional rights, it should be dismissed. Bennett v. City of New York, 425 F. App'x 79 (2d Cir. 2011); Verus Pharms., Inc. v. AstraZeneca AB, 427 F. App'x 49 (2d Cir. 2011).
A "plaintiff may demonstrate the existence of a policy or custom by showing that the acts of the municipal agent were part of a widespread practice that, although not expressly authorized, constituted a custom or usage of which a supervising policymaker must have been aware." Nasca v. Sgro, 101 AD3d 963 (2d Dept. 2012). Here, Plaintiff failed to sufficiently plead a specific policy or custom that allegedly caused Plaintiff's injuries, merely includes generalized statements in his summons and complaint, and failed to adequately allege any facts [*3]to support a § 1983 claim.[FN14]
Bower Assoc. v. Town of Pleasant Val., 2 NY3d 617 (2004); Nasca, 101 AD3d at 965. Therefore, the Plaintiff's claim of false arrest and imprisonment under 42 U.S.C. § 1983 is dismissed.
c. Negligent Hiring and Training and Negligent Investigation claims
Generally, when an "employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and the plaintiff may not proceed with a cause of action to recover damages for negligent hiring and retention." Ashley v. City of New York, 7 AD3d 742 (2d Dept. 2004). As the City Defendants concede that the officers were acting within the scope of their employment when the incident occurred, the Plaintiff's claims for negligent hiring and retention are dismissed. Id. at 743; Karoon v. New York City Tr. Auth., 241 AD2d 323 (1st Dept. 1997).
Furthermore, it is well settled that "a plaintiff seeking damages for an injury resulting from a wrongful arrest and detention may not recover under broad principles of negligence but must proceed by way of traditional remedies of false arrest and imprisonment." Johnson v. Kings County Dist. Attorney's Off., 308 AD2d 278 (2d Dept. 2003); Antonious v. Muhammad, 250 AD2d 559 (2d Dept. 1998). New York State law does not recognize a cause of action for "negligent arrest or negligent investigation." Peterec v. State of New York, 124 AD3d 858, 859 (2d Dept. 2015). As the Plaintiff's fifth cause of action merely alleges broad principles of negligence committed by the City Defendants, it must be dismissed.
d. Unjust Enrichment, Illegal Conversion, Larceny by False Pretenses, and Fraud claims
Under General Municipal Law § 50-e, a plaintiff's notice of claim must allege the causes of action the plaintiff intends to interpose. Mazzilli v. City of New York, 154 AD2d 355 (2d Dept. 1989); Scott v. City of New York, 40 AD3d 408 (1st Dept. 2007). Any "causes of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed." Mazzilli, 154 AD2d at 356. Here, Plaintiff's notice of claim included the allegations of false arrest and imprisonment, negligence, assault, battery, and unlawful detention.[FN15]
New theories of liability or substantive changes to facts are not technical in nature and are not permitted as amendments under the General Municipal Law. Robinson v. City of New York, 138 AD3d 1093 (2d Dept. 2016).
As the Plaintiff failed to list unjust enrichment, illegal conversion, larceny by false pretenses and fraud in his notice of claim,[FN16]
and these theories of liability would constitute substantive changes, these claims must be dismissed for failure to comply with the notice of claim requirements under the General Municipal Law. Curry v. Town of Oyster Bay, 216 AD3d 617 (2d Dept. 2023).
CONCLUSION
For the reasons stated herein, Defendant City's motion is granted and the Plaintiff's complaint and all crossclaims are dismissed as to the City Defendants.
This constitutes the Decision and Order of the Court.
Dated: December 28, 2023
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1: NYSCEF Doc. # 32 at pg.'s 34-35.

Footnote 2: Id. at pg.'s 2-9.

Footnote 3: Id. at pg.'s 30-48.

Footnote 4: Id. at pg.'s 21-24.

Footnote 5: Id. at pg.'s 35-46.

Footnote 6: The Court notes that defendants Daskal, Fishbach, and Church 518 Corp. first filed a motion for summary judgment and dismissal on March 4, 2020 that was subsequently adjourned numerous times pending the results of one of the defendants criminal proceeding, which was finalized at the end of 2023.

Footnote 7: NYSCEF Doc. # 30 at pg.'s 1-6. 

Footnote 8: NYSCEF Doc. # 32 at pg./ln.'s 59:6-9; 60:18-25; 61:1-20; 67:25; 68:1-22; 71:4-24.

Footnote 9: NYSCEF Doc. # 39 at pg. 21.

Footnote 10: Batten v. City of New York, 133 AD3d 803 (2d Dept. 2015) (quoting Fortunato v. City of New York, 63 AD3d 880 [2d Dept. 2009]).

Footnote 11: Id.

Footnote 12: NYSCEF Doc. # 45 at pg./ln.'s 35:20-25; 36:1-16.

Footnote 13: Id.

Footnote 14: See NYSCEF Doc. # 32 at pg./ln.'s 38:44-48; 39:49-54.

Footnote 15: See NYSCEF Doc. # 32 at pg.'s 2-9.

Footnote 16: Id.