St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp. (2024 NY Slip Op 03510)

St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp.

2024 NY Slip Op 03510

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2021-09202
 (Index No. 616628/18)

[*1]St. Paul Fire and Marine Insurance Company, et al., plaintiffs-appellants, National Union Fire Insurance Company of Pittsburgh, Pa., et al., intervenor-plaintiffs- appellants, et al., intervenor-plaintiff, 
v
Getty Properties Corporation, etc., respondent.

Clyde & Co US LLP, New York, NY (Daren S. McNally, Barbara M. Almeida, Meghan C. Goodwin, Kurt N. Campanile, and Daniel B. Palmer of counsel), for plaintiffs-appellants.
Chaffetz Lindsey LLP, New York, NY (Charles J. Scibetta, Cecilia F. Moss, and Joshua D. Anders of counsel), for intervenor-plaintiffs-appellants.
Flaster Greenberg P.C. (Jay M. Levin and Reed Smith LLP, New York, NY [Anthony B. Crawford, Traci S. Rea, pro hac vice, and Dominic I. Rupprecht, pro hac vice], of counsel), for respondent.

DECISION & ORDER
In an action for declaratory relief, the plaintiffs appeal, and the intervenor-plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa., Commerce and Industry Insurance Company, AIU Insurance Company, AIG Specialty Insurance Company, Illinois National Insurance Company, and American Home Assurance Company separately appeal, from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered November 3, 2021. The order, insofar as appealed from by the plaintiffs, denied their motion for summary judgment declaring that they are not obligated to defend or indemnify the defendant in three underlying actions commenced in state courts of New Jersey, Pennsylvania, and Maryland. The order, insofar as appealed from by the intervenor-plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa., Commerce and Industry Insurance Company, AIU Insurance Company, AIG Specialty Insurance Company, Illinois National Insurance Company, and American Home Assurance Company, denied their motion for summary judgment declaring that pollution exclusions in certain insurance policies issued by them apply to the contamination alleged in the underlying actions and that a "sudden and accidental" exception to a pollution exclusion in one insurance policy issued by them requires the defendant to establish that the pollution was both sudden and accidental in order for the exception to apply.
ORDERED that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the plaintiffs' motion for summary judgment declaring that they are not obligated to defend or indemnify the defendant in the underlying actions is granted, the motion of the intervenor-plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa., Commerce and Industry Insurance Company, AIU Insurance Company, AIG Specialty Insurance Company, Illinois National Insurance Company, and American Home Assurance Company for summary judgment declaring that pollution exclusions in certain insurance policies [*2]issued by them apply to the contamination alleged in the underlying actions and that a "sudden and accidental" exception to a pollution exclusion in one insurance policy issued by them requires the defendant to establish that the pollution was both sudden and accidental in order for the exception to apply is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.
Facts relevant to this appeal are set forth in our decisions and orders on two related appeals (see St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp., ___ AD3d ___ [Appellate Division Docket No. 2019-07575; decided herewith]; St. Paul Fire & Mar. Ins. Co. v Getty Props. Corp., ___ AD3d ___ [Appellate Division Docket No. 2020-08465; decided herewith]).
In 2007, the New Jersey Department of Environmental Protection commenced an action in a New Jersey state court against, among others, the defendant, inter alia, to recover damages related to the contamination of New Jersey surface and ground waters with methyl tertiary butyl ether (hereinafter MTBE), a fuel additive that was incorporated into gasoline beginning in the late 1970s (hereinafter the New Jersey action). The New Jersey action was later removed to federal court and transferred by the United States Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York (hereinafter the SDNY) for coordinated or consolidated pretrial proceedings (hereinafter the MTBE multidistrict litigation). In 2014, an action was commenced in a Pennsylvania state court against the defendant, among others, alleging contamination of Pennsylvania waters with MTBE (hereinafter the Pennsylvania action), and that action was likewise removed to federal court, transferred to the SDNY, and consolidated with the MTBE multidistrict litigation. In 2017, an action was commenced in a Maryland state court against the defendant, among others, alleging contamination of Maryland waters with MTBE (hereinafter collectively with the New Jersey action and the Pennsylvania action, the underlying actions).
In December 2018, the plaintiffs, St. Paul Fire and Marine Insurance Company, Travelers Indemnity Company, Travelers Property Casualty Company of America, and Travelers Casualty and Surety Company, commenced this action, inter alia, for a judgment declaring that they are not obligated to defend or indemnify the defendant in the underlying actions under certain liability insurance policies issued by them. In August 2019, the intervenor-plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa., Commerce and Industry Insurance Company, AIU Insurance Company, AIG Specialty Insurance Company, Illinois National Insurance Company, and American Home Assurance Company (hereinafter collectively the intervenor-plaintiffs), similarly sought, among other things, a judgment declaring that they are not obligated to defend or indemnify the defendant in the underlying actions under certain liability insurance policies issued by them. The plaintiffs moved for summary judgment declaring that they are not obligated to defend or indemnify the defendant in the underlying actions. The intervenor-plaintiffs moved for summary judgment declaring that pollution exclusions in certain insurance policies issued by them apply to the MTBE contamination alleged in the underlying actions and that a "sudden and accidental" exception to a pollution exclusion in one insurance policy issued by them requires the defendant to establish that the pollution was both sudden and accidental in order for the exception to apply. In an order entered November 3, 2021, the Supreme Court denied both motions. The plaintiffs and the intervenor-plaintiffs separately appeal.
"[I]n determining a dispute over insurance coverage, we first look to the language of the policy" and construe it "in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect" (Platek v Town of Hamburg, 24 NY3d 688, 693-694 [emphasis and internal quotation marks omitted]; see Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 89 NY2d 621, 632-633). Policies are read "in light of common speech and the reasonable expectations of a businessperson" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [internal quotation marks omitted]).
"Pollution exclusions . . . originated in insurers' efforts to avoid potentially open-ended liability for . . . long-term, gradual discharge of hazardous waste" (id. at 384). "[T]he insurer has the burden of proving the applicability of an exclusion" (Platek v Town of Hamburg, 24 NY3d at 694), which must be "given a strict and narrow construction, with any ambiguity resolved against the insurer" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d at 383; see Mulle v Lexington [*3]Ins. Co., 198 AD3d 908, 909).
Here, the defendant takes the position that MTBE cannot be considered a pollutant within the meaning of the pollution exclusions in the subject policies because, during the relevant time period, the defendant did not know that MTBE was harmful, and because the United States Environmental Protection Agency had required the defendant to use MTBE as a fuel additive. However, the plaintiffs' and intervenor-plaintiffs' policies make no mention of the legality of the insured's use or release of the claimed pollutant, and the Court of Appeals has rejected an insured's claim that if discharge of a substance was legal, it could not be considered a pollutant under a pollution exclusion (see Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 76). Moreover, it is clear that even if MTBE was not a pollutant in the context of its use as a gasoline additive, it was a pollutant in the context of its release into groundwater (see Tonoga, Inc. v New Hampshire Ins. Co., 201 AD3d 1091, 1095). Under the circumstances, the plaintiffs and intervenor-plaintiffs established, prima facie, that the environmental harm alleged in the underlying actions falls squarely within the subject pollution exclusions, "regardless of whether" MTBE was "specifically named as a pollutant" or whether MTBE "was understood to have a detrimental effect on the environment at the time the policy was entered into" (id. at 1096; see Cannon Constr. Co. v Liberty Mut. Ins. Co., 227 AD2d 364, 365). In opposition, the defendant failed to raise a triable issue of fact on that issue.
Furthermore, contrary to the defendant's contention, the plaintiffs and the intervenor-plaintiffs did not waive their right to deny coverage on the ground that the pollution exclusions in the subject policies applied. Where, as here, "the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions), the doctrine of waiver is simply inapplicable" (Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 698; see County of Dutchess v Argonaut Ins. Co., 150 AD3d 672, 674).
Qualified pollution exclusions are characterized by an exception for pollution where the discharge or release of the pollutant is "sudden and accidental" (see Belt Painting Corp. v TIG Ins. Co., 100 NY2d at 385). The terms "sudden" and "accidental" each "have separate meanings, [both] of which must be established for the exception to nullify the pollution coverage exclusion" (Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 89 NY2d 621, 632). "[T]he meaning of sudden in the pollution exclusion exception" has a "temporal quality" (id. [emphasis omitted]), which is only met where the discharge occurs "abruptly or within a short timespan, of a significant quantity of the pollutant sufficient to have some potentially damaging environmental effect" (id. at 634).
Here, with respect to the plaintiffs' and the intervenor-plaintiffs' policies that contained qualified pollution exclusions, the defendant failed to meet its burden to "demonstrate a reasonable interpretation of the underlying complaint[s] potentially bringing the claims within the sudden and accidental discharge exception to exclusion of pollution coverage, or to show that extrinsic evidence exists that the discharge was in fact sudden and accidental" (id.). In other words, the type of pollution alleged, which occurred undetected over many years, was not sudden within the meaning of the applicable law (see id. at 635; Tonoga, Inc. v New Hampshire Ins. Co., 201 AD3d at 1097).
Accordingly, the plaintiffs and the intervenor-plaintiffs established that MTBE was a pollutant for the purpose of the pollution exclusions in the subject policies, and further established that the defendant cannot demonstrate that the exceptions in the qualified pollution exclusions apply. Thus, the plaintiffs and the intervenor-plaintiffs established their prima facie entitlement to judgment as a matter of law. In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the plaintiffs' and the intervenor-plaintiffs' motions for summary judgment. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith (see Lanza v Wagner, 11 NY2d 317, 334).
In light of the foregoing, we need not reach the plaintiffs' remaining contention. The defendant's remaining contention is without merit.
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court