Troise v NYC Dept. of Bldgs. (2025 NY Slip Op 00693)

Troise v NYC Dept. of Bldgs.

2025 NY Slip Op 00693

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-00452
 (Index No. 150686/21)

[*1]Emanuel Troise, et al., appellants,
v
NYC Department of Buildings, et al., respondents, et al., defendants.

Gil V. Perez, New York, NY, for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack and Jeremy Pepper of counsel; Neelesh Thakur on the brief), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of the Donnelly Act (General Business Law § 340), the plaintiffs appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated December 21, 2021. The order granted the motion of the defendants NYC Department of Buildings, Debra Palmieri Russo, Office of Administrative Trials and Hearings, and Scott Stringer pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In 2019, the plaintiff Troise Master Plumbers Corp. (hereinafter TMPC), which is owned by the plaintiff Emanuel Troise, began providing a continuing education course at Hostos Community College (hereinafter Hostos), which was mandated by the defendant New York City Department of Buildings (hereinafter the DOB) for anyone who performed gas piping work in New York City. In October 2019, the defendant Debra Palmieri Russo, who was employed by the DOB as Chief Learning Officer, allegedly made a complaint to Hostos regarding TMPC, after which Hostos stopped offering the course taught by TMPC. Subsequently, in December 2019, TMPC obtained approval from the New York State Education Department as a sponsor for continuing education classes and on December 18, 2019, submitted a course provider application to the DOB to become an approved provider of continuing education courses for plumbers. After allegedly having been contacted on three occasions by the plaintiffs' counsel, the DOB approved the application and mailed an approval letter to TMPC on January 23, 2020.
In February 2020, TMPC served a notice of claim, alleging that the "[a]gency refused to process Training Provider Application" and identifying the nature of the claim as a violation of the Donnelly Act. Thereafter, the DOB issued multiple summonses for failure to maintain proper insurance to a company in which Troise allegedly no longer had any interest.
In March 2021, the plaintiffs commenced this action against the DOB, Russo, Office of Administrative Trials and Hearings, and Scott Stringer (hereinafter collectively the defendants), among others, to recover damages for the defendants' alleged violation of the Donnelly Act, tortious [*2]interference with a contract, "bad faith," and "false claims." The defendants thereafter moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them. By order dated December 21, 2021, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 849 [internal quotation marks omitted]; see Kwan v Kuie Chin Yap, 220 AD3d 715, 716). "Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 648 [alterations and internal quotation marks omitted]; see Guliyev v Banilov & Assoc., P.C., 221 AD3d 589, 590).
The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of the Donnelly Act (General Business Law § 340) insofar as asserted against them. "In order to state a cause of action pursuant to General Business Law § 340, a plaintiff 'must identify the relevant market, describe the nature and effects of the purported conspiracy, allege how the economic impact of that conspiracy does or could restrain trade in the market, and set forth a conspiracy or reciprocal relationship between two or more legal or economic entities'" (Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc., 65 AD3d 1312, 1315, quoting Watts v Clark Assoc. Funeral Home, 234 AD2d 538, 538; see Benjamin of Forest Hills Realty, Inc. v Austin Sheppard Realty, Inc., 34 AD3d 91, 94). Here, there is no allegation in the amended complaint that the alleged conspirators were in competition with one another or with the plaintiffs (see Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc., 65 AD3d at 1315; Benjamin of Forest Hills Realty, Inc. v Austin Sheppard Realty, Inc., 34 AD3d at 97). Moreover, the amended complaint failed to identify an injury to competition cognizable under the statute (see LoPresti v Massachusetts Mut. Life Ins. Co., 30 AD3d 474, 475; see also Global Reins. Corp.-U.S. Branch v Equitas Ltd., 18 NY3d 722, 733).
The Supreme Court also properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging tortious interference with a contract, bad faith, and false claims insofar as asserted against them. "'Causes of action or legal theories may not be raised in the complaint that were not directly or indirectly mentioned in the notice of claim and that change the nature of the claim or assert a new one'" (Curry v Town of Oyster Bay, 216 AD3d 617, 619, quoting Washington v City of New York, 190 AD3d 1009, 1011 [alterations omitted]). Here, the notice of claim did not directly or indirectly mention causes of action sounding in tortious interference with a contract, bad faith, or false claims, and thus, these causes of action are foreclosed (see Curry v Town of Oyster Bay, 216 AD3d at 619; Neuman v City of New York, 186 AD3d 1523, 1527-1528).
The plaintiffs' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court